Dear Chief Lock:
As Chief of Police of the West Melbourne Police Department, you ask substantially the following question:
May contraband forfeiture trust funds be used to fund a local public high school program emphasizing law enforcement and legal studies, and if so, does such a donation apply to the 15 percent required donation of contraband funds pursuant to section 932.7055(5)(c)3., Florida Statutes?
Sections 932.701—932.707, Florida Statutes, the Florida Contraband Forfeiture Act (Act), makes it unlawful to transport, conceal, or possess contraband articles or to acquire real or personal property with contraband proceeds. Section 932.703(1)(a), Florida Statutes, provides that any contraband article, vessel, motor vehicle, aircraft, personal property, or real property used in violation of the Act's terms may be seized and shall be forfeited pursuant to its provisions. The Act authorizes a law enforcement agency to sell or otherwise salvage or transfer property acquired through a forfeiture to any public or nonprofit organization, or retain it for the agency's use.[1]
If the seized property is sold and the seizing agency is a municipality, the proceeds, after payment of certain liens and costs, shall be deposited in a special law enforcement trust fund established by the governing body of the municipality.[2] Section 932.7055(5)(a), Florida Statutes, requires that the proceeds from a forfeiture and the interest earned therefrom be used only
 "for school resource officer, crime prevention, safe neighborhood, drug abuse education and prevention programs, or for other law enforcement purposes, which include defraying the cost of protracted or complex investigations, providing additional equipment or expertise, purchasing automated external defibrillators for use in law enforcement vehicles, and providing matching funds to obtain federal grants. The proceeds and interest may not be used to meet normal operating expenses of the law enforcement agency."
These funds may be expended upon the request of the chief of police to the governing body of the municipality and must be accompanied by a written certification that the request is in compliance with the provisions of section 932.7055(5).[3] An appropriation of contraband forfeiture trust funds must be made by the governing body of the municipality to the police department.[4]
An organization other than the seizing agency that wishes to receive such funds must apply to the chief of police for an appropriation and its application shall be accompanied by a written certification that the moneys will be used for an authorized purpose.[5] Such a request must include a statement describing anticipated recurring costs for the agency for subsequent fiscal years, and an organization receiving money pursuant to this subsection must provide an accounting for such funds and furnish the same reports as an agency of the municipality that receives public funds. Section 932.7055(5)(c), Florida Statutes, provides that the money may be expended in accordance with the following procedures:
 "1. Such funds may be used only for school resource officer, crime prevention, safe neighborhood, drug abuse education, or drug prevention programs or such other law enforcement purposes as the board of county commissioners or governing body of the municipality deems appropriate.
 2. Such funds shall not be a source of revenue to meet normal operating needs of the law enforcement agency.
 3. After July 1, 1992, and during every fiscal year thereafter, any local law enforcement agency that acquires at least $15,000 pursuant to the Florida Contraband Forfeiture Act within a fiscal year must expend or donate no less than 15 percent of such proceeds for the support or operation of any drug treatment, drug abuse education, drug prevention, crime prevention, safe neighborhood, or school resource officer program(s). The local law enforcement agency has the discretion to determine which program(s) will receive the designated proceeds."
In Attorney General Opinion 91-84, this office was asked whether contraband forfeiture trust funds could be used to create and fund a police athletic league providing recreational activities for disadvantaged youths. This office was advised that the league would be a vehicle to provide a youth recreational program coached by volunteer police officers. There was no evidence that such a program constituted a normal operating expense of the municipal police department. The program's primary goal was to prevent or reduce crime by establishing a rapport between law enforcement officers and disadvantaged youths, while directing such youths away from criminal mischief by otherwise occupying their time.
While the opinion noted that achieving crime prevention through recreation supervised by volunteer police officers may not be a traditional method of crime prevention, it was recognized that preventing or reducing crime is a valid use of contraband forfeiture funds. Thus, this office concluded that trust funds could be used to create such an athletic league if the chief of police requested the expenditure, certifying that it complied with the forfeiture act, and the city commission determined that the program served an appropriate law enforcement purpose.
Similarly, in Attorney General Opinion 92-76 this office concluded that a weekly teen dance with the primary purpose of crime and drug prevention could be supported with contraband forfeiture funds, if the governing body of the city determined that such a program was an appropriate law enforcement purpose.
According to your letter, the program to be offered to the students will have an emphasis on law enforcement and legal studies and will focus in part on illegal drug use, prevention and enforcement. You have advised this office that the primary purpose of the program is crime and drug prevention. The program seeks to steer students, some of whom have had encounters with the criminal justice system, away from criminal mischief by educating the students about the criminal justice system and the dangers of illegal drug use.
While a high school program on law enforcement and legal studies may not be a traditional method of crime or drug prevention, if crime and drug prevention is the primary purpose of sponsoring such activities, the use of contraband forfeiture funds would be appropriate provided that you, as chief of police, request the expenditure of forfeiture funds for such a purpose, certifying that the request complies with the forfeiture act, and the governing body of the city makes the determination that the program serves an appropriate law enforcement purpose.
As noted above, section 932.7055(5)(c)3., Florida Statutes, provides that any local law enforcement agency that acquires at least $15,000 pursuant to the Florida Contraband Forfeiture Act within a fiscal year must expend or donate no less than 15 percent of such proceeds for the support or operation of any drug treatment, drug abuse education, drug prevention, crime prevention, safe neighborhood, or school resource officer program(s). The local law enforcement agency has the discretion to determine which program(s) will receive the designated proceeds. As it appears that the use of contraband forfeiture funds for the education program at the public high school, having as its primary purpose crime and drug prevention, is appropriate, the use of such funds would apply to the required donation of 15 percent of contraband forfeiture funds required by section 932.7055(5)(c)3., Florida Statutes.
Accordingly, I am of the opinion that a local public high school program emphasizing law enforcement and legal studies that has the primary purpose of crime and drug prevention may be supported with contraband forfeiture funds, if the governing body of the municipality determines that such a program serves an appropriate law enforcement purpose. Such a donation would apply to the 15 percent required donation of contraband forfeiture funds pursuant to section 932.7055(5)(c)3., Florida Statutes.
Sincerely,
 Charlie Crist Attorney General
CC/tjw
[1] Section 932.7055(1)(a)-(c), Fla. Stat.
[2] See s. 932.7055(5)(a), Fla. Stat.
[3] Section 932.7055(5)(b), Fla. Stat.
[4] Id.
[5] Section 932.7055(5)(c), Fla. Stat.